UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 25, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Evan H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 23-0072-BAH

Dear Counsel:

On January 11, 2023, Plaintiff Evan H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9), the parties' dispositive filings[1] (ECFs 10 and 11), and Plaintiff's reply (ECF 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard I will DENY Plaintiff's motion for summary judgment, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 24, 2020, alleging a disability onset of January 1, 2020. Tr. 65–83. Plaintiff's claim was denied initially and on reconsideration. Tr. 84–85, 106. On March 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–64. Following the hearing, on April 12, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–36. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties are to file briefs rather than motions for summary judgment. Here, Defendant filed a brief, and Plaintiff filed a motion for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 24, 2020, the application date."  Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "loss of vision, diabetes mellitus, an abscess of the buttock/perirectal area, status-post irrigation and drainage, a mental impairment variously diagnosed as affective disorder and anxiety-related disorder."  Tr. 18.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "lumbar radiculopathy and [ ] related complaints of back pain," contractures, gastroesophageal reflux disease, hypertension, and obesity.  Tr. 18–19.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 20.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can carry lift, carry, push pull 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday, stand and walk for six hours in an eight-hour workday.  The claimant can only occasionally climb ramps and stairs; balance; stoop; kneel; crouch; crawl.  She can never climb ladders, ropes, or scaffolds.  She can only occasionally be exposed to moving mechanical parts and unprotected heights.  Due to vision limitations she can only occasionally perform tasks requiring field of vision and can only occasionally perform tasks requiring far acuity with the left eye.  The claimant is limited to simple, routine tasks, can only occasionally interact with supervisors, co-workers, and the public, can only occasionally adjust to changes in the workplace setting, and is limited to working in two-hour increments, following which the individual will need a break of ten minutes.  These breaks can be accommodated by customary or normal work breaks.

Tr. 22.  The ALJ determined that Plaintiff had no past relevant work, but that she could perform other jobs that existed in significant numbers in the national economy, including the jobs of Cafeteria Attendant (DOT[3] #311.677-010), Cleaner, Housekeeping (DOT #323.687-014), and

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has

Office Helper (DOT #239.567-010).  Tr. 30–31.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 31–32.

## III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is unsupported by substantial evidence.  ECF 10-1, at 3.  Specifically, Plaintiff asserts that "after having determined at Step Three that Plaintiff had a moderate limitation in maintaining concentration, persistence, or pace, the ALJ erred by failing to include a corresponding limitation in his RFC assessment or explaining why no such limitation was necessary."  *Id.*  Defendant counters that the ALJ's determination of Plaintiff's RFC is "supported by substantial evidence, is consistent with agency policy, and comports with Fourth Circuit caselaw" and that the ALJ "appropriately considered the record, explained his reasoning for the assessed RFC, and supported his conclusion with substantial evidence."  ECF 11, at 5, 11.

It has been clearly established by the Fourth Circuit that including a limitation in the RFC to "simple, routine tasks or unskilled work" does not sufficiently accommodate moderate difficulties in concentrating, persisting, or maintaining pace.  *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).  In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include

---

explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Evan H. v. Kijakazi*
Civil No. 23-0072-BAH
September 25, 2023
Page 4

any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[4] *Mascio* unambiguously states that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015) (citing *Mascio*, 780 F.3d at 638), *report and recommendation adopted*, No. ELH-14-2214 (D. Md. June 5, 2015).

Furthermore, this Court has repeatedly recognized that an RFC restriction to working in two-hour increments with normal breaks is insufficient to account for moderate difficulties in in concentration, persistence, and pace because breaks at two-hour intervals are customary even for workers *without* such difficulties. *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that an ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation"); *see id*. (citing Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 (July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks").

Here, the ALJ included in the RFC both limitations discussed above, limiting Plaintiff to performing "simple, routine tasks," in two-hour increments with "customary or normal work breaks." Tr. 22. As Plaintiff rightly points out, this Court considered a similar case in *Chad H. v. Kijakazi*, No. 22-1241-BAH, 2023 WL 2837524 (D. Md. Apr. 6, 2023). *See* ECF 10-1, at 4–5. In *Chad H.*, the ALJ attempted to account for moderate difficulties in concentration, persistence, and pace by including both a limitation to "concentrat[ing] in the workplace for two hours before requiring a break" and a restriction to "simple, routine tasks." *Chad H.*, 2023 WL 2837524 at *2. The Court found that these two limitations in combination were insufficient to accommodate such difficulties without explanation as to why no further limitations were required. *Id.* at *4. The

---

[4] The functional area of "concentration, persistence, or pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. As this Court has acknowledged, "[t]he regulations, however, offer little guidance on the meaning of 'moderate' limitations." *McDonald*, 2017 WL 3037554, at *3.

*Evan H. v. Kijakazi*
Civil No. 23-0072-BAH
September 25, 2023
Page 5

same holds here.[5]

     Defendant argues that the ALJ here adequately "explained his reasoning for the assessed RFC," including the decision not to include further limitations corresponding to Plaintiff's moderate difficulties in concentration, persistence, and pace. ECF 11, at 11. I disagree. After explaining his conclusion that Plaintiff had moderate difficulties in concentration, persistence, and pace at step three, Tr. 21, the ALJ recited evidence relating to these difficulties in determining the RFC, but then simply stated that these difficulties "support the restriction to simple, routine tasks, as well as the restriction to only occasional changes in the workplace setting, and the restriction to working in two hour increments, followed by ten minute breaks, which can be accommodated by customary or normal work breaks." Tr. 27–28. This analysis fails to provide an adequate explanation linking the evidence and the ALJ's ultimate conclusion; thus, remand is required. *See Thomas v. Berryhill*, 916 F.3d 307, 310–12 (4th Cir. 2019) ("[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two.").

     *Shinaberry v. Saul* also advises remand. 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC," but required that an ALJ's decision that does not include such limitations be accompanied by an explanation as to "why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation' in the claimant's RFC." *Id.* (citing *Mascio*, 780 F.3d at 638). Here, while the ALJ asserts that some of Plaintiff's activities "require at least minimal capacity to maintain attention, concentrate, persist on a task, focus, and maintain pace," Tr. 27, this observation merely supports why the ALJ determined that Plaintiff had moderate difficulties in concentration, persistence, and pace, rather than why Plaintiff required no further corresponding RFC limitations. While the record evidence may support the ALJ's finding that Plaintiff suffers from moderate difficulties in concentration, persistence, and pace, the issue in this case is "not whether the record contains evidence that might support the ALJ's conclusions [but] whether the ALJ explained the apparent discrepancy between [his] step three finding and [his] RFC assessment." *Talmo*, 2015 WL 2395108, at *3. Here, as in *Talmo*, the ALJ's decision lacks the necessary explanation of why Plaintiff's moderate difficulties in concentrating, persisting, and maintaining pace do not require corresponding limitations in the RFC. Thus, here, as in *Chad H.*, "remand is necessary because the ALJ failed to either (1) explain the justification for these

---

[5] To the extent that the ALJ may have attempted to address Plaintiff's moderate difficulties in concentration, persistence, or pace through the additional limitations of "only occasionally interact[ion] with supervisors, co-workers, and the public" and "only occasionally adjust[ments] to changes in the workplace setting," Tr. 22, he was unsuccessful. "[N]either Defendant nor the ALJ provides clarity on how these limitations are relevant to Plaintiff's ability to concentrate, persist, or maintain pace. Indeed, these limitations appear to relate to areas of mental functioning *other* than concentration, persistence, or maintaining pace—namely, ['interacting with others,'] 'understanding, remembering, or applying information' and 'adapting or managing oneself.'" *Chad H.*, 2023 WL 2837524, at *5 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)).

*Evan H. v. Kijakazi*
Civil No. 23-0072-BAH
September 25, 2023
Page 6

accommodations or (2) 'adequately explain[] why [Plaintiff's] moderate difficulties in concentration, persistence, or pace did not translate into' other RFC limitations." *Id.* (citing *Talmo*, 2015 WL 2395108, at *2). *Chad H.*, 2023 WL 2837524, at *4.

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3. Here, the ALJ did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 10, is DENIED Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge